## Lewis Kenyon

### *v.*

## Philip Shreck *et al.*

1. Appearance—*as to several defendants, generally.* In actions where there are several defendants, an appearance by an attorney for the defendants generally, must be construed as an appearance for all.

2. Same — *denial of authority of attorney to enter an appearance.* Whatever the true rule may be in regard to the question, to what extent, for what purposes, and under what circumstances, a party for whom an appearance to a suit has been entered, can deny the authority of the attorney and ask relief from the court, the claim to do so is viewed with great

disfavor by courts whenever innocent third parties have acquired rights under the judgment or decree.

3. SAME—*to let a party in to redeem.* In this case, a party became the purchaser of a tract of land under an execution sale, subject to a mortgage. Fourteen months and a half after the purchase, a bill was filed to foreclose the mortgage. The purchaser was made one of the parties defendant to the bill, but was not served with process. The appearance, however, of the defendants, was entered, generally. A decree of foreclosure was pronounced and the property was sold, the mortgagee becoming the purchaser. The purchaser under the execution took no steps to redeem, or set aside the decree, not even procuring a sheriff's deed on his certificate of purchase, though the evidence showed he was aware of the foreclosure, but some six years afterward, sold his certificate of purchase to the complainant, who obtained a sheriff's deed and filed his bill for redemption. The land, in the meantime, was constantly occupied under the foreclosure title, and several times changed hands, and, at the time of the purchase of the certificate by the complainant, was occupied by the defendant: *Held,* for the purpose of allowing a redemption under such circumstances, evidence could not be received impeaching the authority of the attorneys in entering the appearance of the purchaser under the execution, in the foreclosure suit; that it was the duty of such purchaser, if he wished to redeem, to have come forward within a reasonable time, and asked the decree of foreclosure to be opened as to him, and that the complainant's equities were no stronger than those of the execution purchaser would be if he were complainant, being chargeable with notice of all the facts with which such purchaser would be chargeable.

4. RIGHT OF REDEMPTION—*its general character.* The right of a mortgagor, or his grantees, to redeem, after condition broken, is a purely equitable right, the creation of courts of chancery. It is a right which can be asserted only in a court of equity, and when its assertion would be plainly inequitable that court will withhold its aid.

5. SAME—*effect of foreclosure upon subsequent incumbrancers, not made parties.* In this State, when the foreclosure is by *scire facias,* subsequent incumbrancers are cut off, though not made direct parties to the proceeding.

6. When the foreclosure is by bill in chancery, they are not absolutely barred unless made parties, but they can not be permitted to assert their equity of redemption against an equity still stronger.

APPEAL from the Circuit Court of Mercer county; the Hon. ARTHUR A. SMITH, Judge, presiding.

The facts in this case sufficiently appear in the opinion.

Messrs. J. R. & I. N. BASSETT, for the appellant.

Messrs. FROST & TUNNICLIFF and Mr. J. C. PEPPER, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

At the September term, 1859, of the circuit court of Mercer county, six different judgments were rendered against one Smiley S. Keiser, one of which was in favor of Samuel C. Donaldson. Executions were taken out on all the judgments, and several tracts of land were sold thereunder, on the fifth of November, among which was the tract in controversy in this case. It was struck off to Elias Willits, one of Donaldson's attorneys, who does not appear to have paid any money on the purchase, but undoubtedly bid it in as such attorney, and for the benefit of his client. The land was, at the date when these judgments were rendered, subject to a mortgage in favor of William McCartney, who, on the twenty-first of January, 1861, fourteen and a half months after the sale to Willits, filed a bill to foreclose, making Donaldson one of the defendants. There was no service on Donaldson, but the firm of attorneys to which Willits belonged appeared for the defendants generally, and moved to dismiss the bill. On the authority of *Kerr* v. *Swallow*, 33 Ill. 380 ; *Flake* v. *Carson*, ib. 518, and *Sullivan* v. *Sullivan*, 42 ib. 316, this must be construed as an appearance for all the defendants. A decree of foreclosure was pronounced at the April term, and, on the seventeenth of September, 1861, a sale was had, and the land was bid in by McCartney for the amount of his decree. Before the filing of the present bill, the land was several times sold, and considerable improvements were made thereon. Sometime in the year 1867, Kenyon, the appellant, bought from Donaldson his interest in the certificate of purchase held by his attorney, Willits, and the certificate having been assigned to him, the sheriff, on the thirty-first of October, 1867, made a deed to

said Kenyon, who, in the preceding month of September, had filed this bill to redeem.

It is urged by counsel for appellant, that there was no appearance by Donaldson to the foreclosure suit, and that, if there was, it was without authority. The first point has already been disposed of by the authorities cited. As to the second, admitting the attorneys had no authority to enter his appearance, the question remains, whether the complainant can urge such absence of authority as a foundation for his right to redeem in the present proceeding.

We do not propose to consider, in this case, the disputed question, to what extent, for what purposes, and under what circumstances, a party for whom an appearance to a suit has been entered, can deny the authority of the attorney, and ask relief from the court. It is sufficient to say that the claim to do this is viewed with great disfavor by courts, whenever innocent third parties have acquired rights under the judgment or decree, and that the facts disclosed by the present record are inconsistent with the assertion of this claim. *Am. Ins. Co.* v. *Oakley,* 9 Paige, 498; *Denton* v. *Noyes,* 6 Johns. 300.

As already stated, the sale under the decree of foreclosure was made in September, 1861. From that time to the filing of this bill, a period of six years, the land was constantly occupied under the foreclosure title, and several times changed hands. It was, of course, bought upon the faith of a public record of the circuit court, showing that Donaldson and all persons claiming under him were cut off from the privilege of redeeming. Donaldson himself was aware of the foreclosure, having been informed of it by his attorneys, as appears from the evidence, soon after the decree and sale. That he acquiesced in it is shown, not only by the fact that he took no steps for the purpose of setting it aside, or of redeeming, but he never even took out a sheriff's deed on his certificate of purchase at the sheriff's sale, and it was not until October, 1867, that the deed was made. When the complainant, Kenyon,

bought from Donaldson, the land was occupied by the defend
ant, and Kenyon is chargeable with notice of all the facts we
have stated. His equities are no stronger than those of Don-
aldson would be if he were complainant.

It is to be remembered that the right of a mortgagor, or his
grantees, to redeem, after condition broken, is a purely equit-
able right, the creation of courts of chancery. It is a right
which can be asserted only in a court of equity, and when its
assertion would be plainly inequitable, that court will withhold
its aid. In this State, when the foreclosure is by *scire facias,*
subsequent incumbrancers are cut off, though not made direct
parties to the proceeding. When the foreclosure is by bill in
chancery, they are not absolutely barred, unless made parties,
but they can not be permitted to assert their equity of redemp-
tion against an equity still stronger. In the present case, if
Donaldson's appearance had not been entered in the foreclos-
ure suit, he, or his assignee, would doubtless be entitled to
redeem. But his appearance was entered, and a decree was
pronounced, cutting off his rights, and on the faith of that
decree, the defendant has bought and improved. The defend-
ant's equities are therefore very strong, and, in our opinion,
the equity of redemption sought to be asserted, under such
circumstances and after such a lapse of time, is not of a char-
acter to require us to permit the effect of a judicial record to
be destroyed by proof that Donaldson's appearance was entered
without authority, and thereby destroy the title of the pur-
chaser. It is not like a case where a fraudulent judgment is
sought to be enforced against a party whose appearance has
been entered without authority. Nothing is claimed from
Donaldson under the decree, and we merely hold that if he
desired to redeem, he should have come forward, within a
reasonable time, and asked the decree of foreclosure to be
opened as to him. But he does nothing for six years, when
the complainant buys his claim, and commences this proceed-
ing. We can not, for the purpose of allowing a redemption
under such circumstances, receive evidence impeaching the

authority of Donaldson's attorneys in order to destroy the validity of the record of foreclosure.

The decree must be affirmed.

*Decree affirmed.*