## OTIS DURFEE

*v.*

## W. H. GRINNELL *et al.*

| 69 | 371 |
| 132 | 256 |
| 69 | 371 |
| 156 | 279 |
| 157 | 586 |
| 69 | 371 |
| 55a | 414 |
| 56a | 220 |
| 69 | 371 |
| 62a | 160 |
| 69 | 371 |
| 65a | 101 |
| 69 | 371 |
| 174 | 493 |
| 69 | 371 |
| 77a | 307 |
| 69 | 371 |
| 179 | 120 |
| 69 | 371 |
| 109a | 1635 |

1.  CHATTEL MORTGAGE—*title passes on breach.*  A chattel mortgage is but a conditional sale, and when the mortgagor fails to perform the condition, the title to the mortgaged property, so far as it is held by the mortgagor, vests in the mortgagee.  Where possession is taken in accordance with the terms of the mortgage, the title passes, even though the debt be not then due.  The fact that the mortgagee is required to sell the property, and render the surplus, after payment of the debt, etc., to the mortgagor, will not prevent the title from vesting in the mortgagee, as purchaser.

2.  SAME—*mistake in date to certificate of acknowledgment.*  Where a chattel mortgage was in fact executed and acknowledged in 1871, but the justice dated the certificate of acknowledgment in 1872, and the mortgage was recorded on the day of its execution, and it did not appear but that the entry in the justice's docket showed the proper date: *Held,* that the mistake did not vitiate the mortgage, as no injury could have resulted from it to creditors or purchasers.

3.  SAME—*acknowledgment taken by justice out of his precinct.*  Where a chattel mortgage is acknowledged before a justice of the peace residing in the same precinct with the mortgagor, the acknowledgment will not be bad because it was taken in another township or precinct.  It will be good if taken anywhere in the county, provided the justice resided in the same election precinct with the mortgagor.

4.  SAME—*not affected because the justice keeps his docket in another township.*  A chattel mortgage will not be rendered invalid from the fact that the justice of the peace takes his docket out of the township of his residence, and keeps his office, for convenience, a few rods in an adjoining township, especially when it is readily accessible for inspection.

372      DURFEE *v.* GRINNELL *et al.*      [Sept. T.

Opinion of the Court.

5. PARTIES PLAINTIFF—*in replevin.* Where mortgagees of chattels seek to reduce them to possession by replevin, under a clause giving them this right whenever they should feel insecure, etc., they, being joint owners, must sue jointly.

6. JUSTICE OF THE PEACE—*whether he may act out of his township.* A justice of the peace having jurisdiction throughout his county, may issue any writ where he has jurisdiction, wherever he may be in the county, so that he make it returnable to his office, which must be in his township. So he may take and certify an acknowledgment to a deed, mortgage or other instrument anywhere in his county. But when he has to hear and adjudicate on any question, that must be done in his township and at his office, which must be at a known place.

7. EXECUTION—*what subject to levy and sale.* Where a chattel mortgage authorizes the mortgagor to retain possession of the property until default in payment, with no provision enabling the mortgagee to take possession in any other event than of default in payment, the interest of the mortgagor may be seized and sold under execution, at any time before the mortgage debt falls due, and the purchaser will succeed to the rights of the mortgagor, and nothing more.

8. But where the mortgagee is authorized, by the terms of the mortgage, to take possession if the property is levied upon, or he shall, at any time, feel unsafe or insecure, the levy of an execution on the property can not defeat the mortgagee's right to reduce it to possession. In such a case, it is only with the permission or non-action of the mortgagee that the property can be sold under execution.

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. STEPHEN R. MOORE, for the appellant.

Mr. W. S. DECKER, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellees brought replevin, for the recovery of various articles of property, against appellant. The declaration was in the usual form, containing a count for taking and another for detaining the property. Appellant filed pleas of *non cepit,* *non detinet,* property in Hanna, property in Fairville, and a plea of justification under an execution, directed to appellant, as sheriff, from the circuit court of Kankakee county, in

favor of Hanna and against appellee Brown, and that the property belonged to Brown, and was seized to satisfy the execution.   Replications were filed and issued were formed.

Appellees read in evidence a mortgage on the property in dispute, executed by A. P. Brown to appellees, on the 19th day of June, 1871, to secure two promissory notes, one due to each mortgagee.   The mortgage, so far as we can see, was properly executed, duly acknowledged before a justice of the peace, the proper entry was made in his docket, and the instrument duly recorded in the proper office, all before the execution was issued.   The mortgage provides that the mortgagor may retain possession of the property until the maturity of the notes, unless the mortgagees should, at any time before the maturity of the notes, feel unsafe or insecure, when they were authorized to take possession of the property and sell it, on giving the required notice, and pay the notes, expense, etc., and any surplus to be paid to the mortgagor.

After the levy was made, the mortgagees reduced the property to possession, through the writ of replevin, and after giving the notice required, had it sold.   The jury on the trial in the court below found the issues for the plaintiffs, and defendant appeals to this court.

It is first urged that there was a misjoinder of parties plaintiff in this case, and that the circuit court erred in refusing to dismiss the suit for that reason.   There can be no question that a chattel mortgage is but a conditional sale, and when the mortgagor fails to perform the condition, the title, so far as it is held by the mortgagor, vests in the mortgagee.   In this case, the condition upon which the property was to vest was, that the mortgagees should feel themselves unsafe or insecure.   They reserved the right in the mortgage to exercise the power, and when they did so the title to the property vested in the mortgagees.   But, according to the stipulation contained in the mortgage, when they took the property they became liable to pay the mortgagor for any surplus that might remain after the mortgage debt, interest and proper charges

were paid. But this liability in nowise prevented the title from vesting in them as joint purchasers. Their several debts, so far as they were paid by the sale of the property, formed the consideration which they paid. Being joint owners, they were bound to sue jointly. There is no force in this objection.

It is conceded that the mortgage is regular in every particular, except the justice of the peace dated the acknowledgment in 1872 instead of 1871, the latter of which dates being the true time when it was acknowledged. This, the parties stipulate, is true, in fact. The entry in the justice's docket was not, so far as we are able to find, read in evidence, and we therefore infer that it bears the proper date, and is without objection. The mortgage was filed for record on the day it was executed and bore date. There, then, could not have resulted the least injury to creditors, purchasers or others, from this mistake. Any person examining the justice's docket, it is to be presumed, would have found the mortgage described by its proper date; and had the recorder's office been examined, they would have found it recorded on the day it purported to have been signed, and a year before the date of the acknowledgment. And it would have been manifest to all persons that the justice had made a mistake in writing the date of his certificate of acknowledgment. We are wholly unable to see that this could form the slightest objection to the validity of the mortgage. To allow it would simply be to defeat the rights of parties, without even the excuse of a technicality.

It is again urged, that, whilst the justice of the peace resided in the township or precinct in which the mortgagor also resided, the acknowledgment was, in fact, taken just over the line in another township, and that he kept his docket in the latter township, and that the mortgage was thereby rendered invalid.

It is a familiar rule of the law, that, in our State, a justice of the peace has jurisdiction throughout the county in which he resides. We know of no reason, nor has any been

suggested, why a justice of the peace may not issue any writ, when he has jurisdiction, wherever he may be in the county, so he make it returnable to his office, which must be in his township. No law requires him to be in his township or in his office when he issues his writs, but he must be in his county, which is the limit of his jurisdiction.

For the same reason he may receive and certify an acknowledgment to a deed, mortgage or other instrument anywhere in the county, but he must enter a minute of a chattel mortgage on his docket. In all cases where there is a contest, or where he has to hear and adjudicate on any question, that must be done in his township, and at his office, which must be at a known place, and which may be found by those required to appear before him.

As to the question whether he should keep his docket in his township, we regard it immaterial, so that it be readily accessible for inspection, when he is called on at his residence or office, if he has one in his township, for the purpose. There can be no pretense that a mortgagee should lose the benefit of his security simply because the justice should take his docket out of the township of his residence. And why should he, because the justice, for convenience, keeps it at his place of business, a few rods from his residence, although it be in a different precinct? In this case, it is manifest that there could have neither been inconvenience nor delay, had any one called at the residence of the justice, in seeing the docket.

Appellant, in his brief, urges as error the modification of his first instruction. We perceive no objection to it, as given. Had appellees chosen, they could have permitted the sale to have been made subject to this mortgage, and had they not elected to reduce the property to possession, and make the sale according to the stipulation in the mortgage, appellant would have had the right to make the sale, and the purchaser would have acquired all, but no more, rights than was held by the mortgagor. But a levy of an execution could not, in

the least degree, affect the rights of appellees. And this, in substance, was what the instruction informed the jury. Had there been no provision in the mortgage allowing the mortgagees to reduce the property to possession, and the mortgage, by its terms, had authorized the mortgagor to hold the property until the maturity of the notes, then the interest of the mortgagor could have been seized and sold under execution, at any time before the debts fell due, and the purchaser would have succeeded to all of the rights, but no more, than the debtor held in the property, nor would the mortgagees have had any power to prevent the sale. The law authorizes a sale in such a case in despite of the creditor, but in a case like the present it is only with the permission or by the non-action of the mortgagees that a sale can be made.

Perceiving no error in the record in this case, the judgment of the court below must be affirmed.

*Judgment affirmed.*