ALEXANDER JEFFERSON

v.

ANDREW BARKTO.

</div>

1. CHATTEL MORTGAGE—WHEN TITLE VESTS.—After condition forfeited in a chattel mortgage, the title to the property becomes vested in the mortgagee, and the fact that the mortgage contains a provision that the mortgagee shall have the right to take possession of, and sell the property mortgaged at public or private sale, does not prevent the property from vesting in the mortgagee, or a purchaser from him.

2. VALIDITY NOT AFFECTED BY IRREGULARITY IN SALE.—An irregularity in the sale of the mortgaged property would not affect the validity of the mortgage, or deprive the mortgagee or his assignee of the right to take possession of the mortgaged property.

APPEAL from the Circuit Court of Livingston county; the Hon. N. J. PILLSBURY, Judge, presiding.

Messrs. CHUBBUCK & DOMINY and Mr. J. W. STREVELL, for appellant; that the action being trover, appellee must have possession or such an interest as gives him the right to immediate possession, cited Owens et al. v. Weedman, 82 Ill. 409; Davidson v. Waldron, 31 Ill. 129.

That upon condition broken the title vests in the mortgagee: Simmons v. Jenkins, 76 Ill. 479.

That trover will not lie against an officer for taking mortgaged property under process: Pike v. Colvin, 67 Ill. 227.

Mr. L. E. PAYSON and Mr. WALTER REEVES, for appellee; that a *bona fide* purchaser without notice from the purchaser at a foreclosure sale, is not required to enquire whether the sale was regular, cited Wylder v. Crane, 53 Ill. 490.

SIBLEY, P. J.    It appears that two trials were had in the Circuit Court in this cause, and on the second one, the record shows that in March, 1877, Andrew Barkto brought an action of trover in the Livingston Circuit Court against Alexander Jefferson, to recover the value of a house which by agreement of the parties was treated as personal property.

Before the plaintiff could succeed in this form of action, it became necessary for him to establish the ownership of the property, and that the defendant converted it to his own use.

Jefferson on the trial by way of defense, offered a mortgage executed by Barkto on the 21st of March, 1876, to Martin F. Overhold and Francis Holmes, for the purpose of securing a promissory note of that date, made by Barkto to Overhold and Holmes, and payable in six months after its date for the sum of two hundred dollars.    The note and mortgage were afterward assigned to Zotham Baily, and were together with the assignments thereon, read in evidence to the jury by the appellant.

The jury after hearing the testimony, found the defendant guilty, and assessed the plaintiff's damages at $200.

A motion was then made by the defendant for a new trial, which was overruled by the court, and the defendant prayed an appeal to this court.    Among the several errors assigned by the appellant, but one of them will be considered.

The Circuit Court was requested by the defendant in that court to give the jury the following instruction:

"The court instructs the jury for defendant, that if they find from the evidence in this case, that the debt secured by the mortgage was due and unpaid by Barkto at the time of the commencement of this suit, then in that case, the mortgagees

or their assigns would be entitled to the possession of the property named in the mortgage, and such right being adverse to the right of the plaintiff, he cannot recover in the present action of trover," which the court refused to give.

The instruction contains a correct proposition of law, for the rule is well settled, that after condition forfeited in a chattel mortgage, the title to the property became vested in the mortgagee, and the fact that the mortgage, as in this case, contains a provision that the mortgagee should have the right to take possession of, and sell the property mortgaged at public or private sale, does not prevent the property from vesting in the mortgagee or a purchaser from him. Durfee v. Grinnell, 69 Ill. 371; Simmons v. Jenkins, 76 Id. 476. Nor would any irregularity in the sale of the mortgaged property affect the validity of the mortgage, or deprive the mortgagee or his assignee, of the right to take possession of the mortgaged property. Hanford v. Obrecht, 49 Ill. 146.

Then if the debt which the mortgage was given to secure, was still due and unpaid when the mortgagor commenced suit to recover the value of the property mortgaged, and the condition in the mortgage was forfeited, the mortgagor ceased to be the owner of it, and the mortgagees, or the persons claiming through them, became absolutely invested with the title to the property. Hence it was error to refuse the instruction. For this reason the judgment will be reversed, and the cause remanded.

<div align="right">Judgment reversed.</div>

The first trial in this cause having been before PILLSBURY, J., he took no part in the decision of the cause in this court.