## Rose et al. v. Chandler et al.

1. MORTGAGE—*Junior and Prior Liens.*—A junior mortgagor has, in respect to a prior mortgage, a right to redeem therefrom, and to file a bill for that purpose, but he can not foreclose a prior mortgage.

**Memorandum.**—In chancery. In the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Bill to foreclose a trust deed, dismissed upon hearing for want of equity. Appeal by complainants. Heard in this court at the March term, A. D. 1893, and affirmed. Opinion filed June 14, 1893.

The opinion states the case.

L. S. HODGES, attorney for appellants.

LEWIS H. BISBEE, HERMAN W. STILLMAN and BLANKE & CHYTRAUS, attorneys for appellees Peyton R. Chandler, Frank R. Chandler and Sullivan Savings Institution.

BLANKE & CHYTRAUS, attorneys for appellees William Walk and Herman Potratz.

OPINION OF THE COURT, WATERMAN, J.

Appellants filed their bill alleging that William James, being indebted to Rose, McAlpin & Co., Edward Moll & Co., Rosenfield & Grenier and Lapham & Waterbury, in several and different amounts to each of said firms, made his four promissory notes, one to each of said firms, for the amount of his indebtedness to it, and to secure the same, executed to Joseph B. Lapham, trustee, his trust deed of certain premises in Cook county, Illinois; that all of said notes being due and payable, said bill is filed to foreclose said trust deed. The bill alleges that appellees have, or claim to have, an interest in said premises, which interest it is charged accrued subsequent to the lien of said trust deed, and is subject thereto. The bill prayed for a decree of foreclosure of said trust deed.

Appellees answered the bill, and thereby it was set up that prior to the making of said trust deed by William James to Joseph B. Lapham, the said James, being indebted in the sum of $8,000; to secure the same made a trust deed of said premises to one Frank R. Chandler, and that certain foreclosure proceedings of said prior trust deed were had, at the instance of the Sullivan Savings Institution, as complainant, in the Superior Court of Cook County, to which foreclosure suit the said Joseph B. Lapham was a party; that the said cause was referred to a master, who made a report finding the equities in favor of said Sullivan Savings Institution, and that said Joseph B. Lapham was then the legal holder of all the notes described in the said trust deed to him; that the master's report was confirmed by the court and a decree rendered thereon, and the premises were sold thereunder to William H. Rose, to whom a certificate of sale was issued; which having been assigned to Peyton R. Chandler, and the said premises not having been redeemed, a master's deed of the same was made to said Chandler, September 4, 1889; that thereafter William Walk and Herman Potratz purchased said premises of said Chandler, paying $15,000 therefor, and have expended $16,000 in improvements thereon.

January 3, 1893, upon the trial of the cause, appellants

amended their bill, setting up the said foreclosure proceedings instituted by the Sullivan Savings Institution, and alleged that said Joseph B. Lapham did not at that or any other time own any of the notes secured by the trust deed to him, and that the complainants to the present bill were not made parties to the bill of foreclosure filed by said Sullivan Savings Institution, but were fraudulently omitted therefrom, with the design to cheat and defraud them, and to conceal from them the pendency of said suit to foreclose said prior trust deed.

The amended bill was answered, and the court, upon the hearing, dismissed it for want of equity.

If the contention of appellants that they were not parties to the proceeding to foreclose the prior trust, and consequently are not bound by anything done thereunder, be correct, then they are now endeavoring as holders of a junior mortgage to foreclose a prior.   That can not be done.   A junior mortgage has, in respect to a prior mortgage, a right to redeem therefrom, and to file a bill for that purpose, but he can not foreclose a prior mortgage.   Jones on Mortgages, Sec. 1064; Cutter et al. v. Jones, 52 Ill. 84; Kelgour v. Wood, 64 Ill. 345; Scates v. King, 110 Ill. 456; Kenyon v. Shreck, 52 Ill. 382.

Appellants, in the brief by them filed, say, that they expect that upon a decree the amount owing to the holders of the first incumbrance will be made a prior lien and be first paid. The bill filed by appellant charges that the interests of appellees are subject to the claim of appellants, and the relief prayed is in effect to cut off appellees altogether; the bill of appellants must be judged by its terms, and not by what counsel may now say they are willing should be done thereunder.

Even if the bill were as counsel urged it may be treated, it would not be maintainable against those claiming under the prior mortgage.   A junior mortgagee may foreclose his mortgage and may close out the rights of those whose interests are subordinate to his, but he can not foreclose the interests of a prior mortgagee.

The decree of the Circuit Court is affirmed.