## Benjamin M. Shaffner et al. v. J. S. Appleman et al.

1. MORTGAGES—*Foreclosure of Junior and First Liens.*—A prior mortgage can not be foreclosed under a decree upon an original bill filed by a junior mortgagee. If the holder of the senior mortgage desires a foreclosure in such suit, he must file a cross-bill, and if he does, he may be allowed solicitor's fees if they are provided for in his mortgage.

2. SAME—*Form of Decree of Foreclosure.*—A decree of foreclosure that does not direct the defendants to pay, but only orders that the premises be sold if they do not, is not subject to objection by them.

3. EQUITY PRACTICE—*Expenses of Foreclosure Must Have Been Objected to if Questioned on Appeal.*—Where an item of expense allowed to the complainant in a foreclosure suit by a master in chancery was not objected to before him, nor excepted to before the court, the propriety of its allowance being the subject of evidence, the allowance can not be questioned for the first time on appeal.

Foreclosure.—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term 1897. Affirmed. Opinion filed July 26, 1897.

B. M. SHAFFNER, attorney for appellants.

LYMAN & JACKSON, attorneys for appellees.

OPINION PER CURIAM.

The appellee named in the title filed a bill to foreclose a

trust deed, in the nature of a mortgage executed to him by the appellants, to secure $4,000.   The bill prayed for a foreclosure, subject to a prior trust deed of the same nature, executed by the appellants to Lyman Baird to secure $16,000.   This last trust deed provided for "a reasonable sum for solicitor's fee in any proceedings to foreclose" it. Baird and the holder of the $16,000 note came into the suit, and filed a cross-bill to foreclose the deed to Baird.

The master reported, *inter alia*, that $300 was a reasonable solicitor's fee to them.   The appellants objected and excepted to the allowance of that fee, not because it was not reasonable, but because the cross-complainants might have had their relief without a cross-bill, and cite Soles v. Sheppard, 96 Ill. 131; which was a case, not of a prior, but junior incumbrancer, to whom his share of the surplus proceeds might have been distributed without any pleading on his part.

Here the trust deed of the cross-complainants could not have been foreclosed by a decree upon the original bill. Rose v. Chandler, 50 Ill. App. 421.

Whether coming into that suit, and filing a cross-bill was regular practice, we need not inquire; it was no injury, but beneficial, to the appellants that the cross-complainants took that course, instead of filing an original bill, as the costs in the one suit were less than they would have been in two.   The allowance of the fee was within the letter and the spirit of the trust deed to Baird.

Another item allowed by the master, and here complained of, was not objected to before him, nor excepted to before the court, and whether it was an expense within the terms of the trust, would be the subject of evidence; the sufficiency of which can not be questioned for the first time on appeal.

The complaint that the decree does not direct the appellants to pay, but only that the premises should be sold if they do not, will probably be rectified if there should be a deficiency.   If the decree was wrong in that respect, which it is not, the appellants are not harmed by the error.

The decree is affirmed.