102    APPELLATE COURTS OF ILLINOIS.

Callagan et al. v. American Trust & Savings Bank, 196 Ill. App. 102.

# William Callagan et al., Appellees, v. American Trust & Savings Bank, Appellant.

## Gen. No. 6,029.

1. CHATTEL MORTGAGE, § 167*—*when mortgagor has no estate in mortgaged property.* After default and after possession taken by the mortgagee of personal property, the mortgagor has no estate in the mortgaged property.

2. CHATTEL MORTGAGE, § 167*—*what is estate of mortgagee taking possession after default.* When, after default in a mortgage of personal property, mortgagees take possession of such property, their title thereto becomes absolute and they become the legal owners thereof.

3. TRESPASS, § 23*—*what possession of personal property sufficient to maintain action.* Although possession of personal property is necessary as matter of law in order to enable the owner thereof to maintain trespass against one in wrongful possession, yet actual possession of such property is not necessary to maintain the action, constructive possession being sufficient.

4. TRESPASS, § 23*—*when mortgagee of personal property may maintain trespass.* Mortgagees of personal property who after default have taken possession and have thereby acquired title to the mortgaged property are in constructive possession of such property so as to maintain trespass against one having unlawful possession thereof, where it appears that such owners were ousted of possession by the seizure of such property on an execution against the mortgagor, and where it further appears that such property was subsequently seized by the receiver in bankruptcy of such mortgagor as the property of such bankrupt.

5. EVIDENCE, § 159*—*what constitutes an admission in a pleading in a former trial.* In an action of trespass by mortgagees of personal property, who after default have taken possession thereof, brought against the receiver in bankruptcy of such mortgagor, where it appears that after plaintiffs had been ousted of their possession of such property by a levy thereon on an execution against such mortgagor defendant seized such property as the property of the bankrupt, an averment by defendant in a verified petition filed in such bankruptcy proceedings for an injunction to restrain further prosecution of such action of trespass that plaintiffs had such possession is a direct admission that when defendant seized the property in question it took it from the possession of plaintiffs.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Callagan et al. v. American Trust & Savings Bank, 196 Ill. App. 102.

6. TRESPASS, § 29*—*When officer taking personal property a tres-
passer.* Where mortgagees of personal property have acquired the
legal title and ownership of such property by taking possession after
default, an officer seizing the property on an execution against such
mortgagor is a trespasser.

7. TRESPASS, § 29*—*when trustee in bankruptcy taking personal
property from officer becomes a trespasser.* Where mortgagees of
personal property have acquired the legal title and ownership thereto
by taking possession of such property after default, and where such
mortgagees are ousted of possession thereof by a levy thereon on an
execution against such mortgagor, but secured possession by giving
a forthcoming bond, the receiver in bankruptcy who takes possession
of such property from such officer as the property of the bankrupt
becomes a trespasser as to such mortgages.

8. TRESPASS, § 10*—*what constitutes a trespass to personal prop-
erty.* Any unlawful exercise of authority over the goods of another
will support an action of trespass, even though no physical force be
exercised.

9. TRESPASS, § 29*—*when action lies against subsequent trespasser.*
Any person having the legal ownership of personal property may
maintain trespass against a subsequent trespasser as well as the first.

10. TRESPASS, §29*—*when trustee in bankruptcy taking possession
of property from officer a trespasser.* Where mortgagees of personal
property have extinguished the title of the mortgagor and perfected
title in themselves thereto by taking possession of the mortgaged
goods after default, the receiver in bankruptcy of the mortgagor who
seizes such property as the property of such bankrupt is none the
less a trespasser by reason of the rule that an officer acting in the
line of his duty and within the scope of his authority is not liable
personally for his acts, for the reason that defendant's authority
under the order of the bankruptcy court extended only to taking
possession of the property of the bankrupt and did not extend to
property of plaintiffs, so that defendant therein exceeded its
authority.

11. APPEAL AND ERROR, § 1764*—*when Appellate Court no power
to increase judgment.*

The Appellate Court has no power to increase the amount of a
judgment.

Appeal from the Circuit Court of LaSalle county; the Hon. EDGAR
ELDREDGE, Judge, presiding. Heard in this court at the October term,
1914. Affirmed. Opinion filed September 13, 1915. Rehearing denied
October 21, 1915. *Certiorari* denied by Supreme Court (making
opinion final).

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

ROSENTHAL & KURZ, for appellant; DUNCAN & O'CONOR, of counsel.

CHARLES S. CULLEN and JOHN H. ARMSTRONG, for appellees.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is an action of trespass, commenced in the Circuit Court of LaSalle county, by appellees William Callagan and Joseph Armstrong, copartners, doing business as Callagan & Armstrong, against the American Trust & Savings Bank, appellant. The case was tried by the court, a jury having been waived; and after hearing all the evidence the court found the issues in favor of the appellees, and assessed their damages at the sum of $1,031.27. After a motion for a new trial and a motion in arrest of judgment had been made by the appellant, and denied by the court, judgment was entered by the court for the amount of the damages assessed, and an appeal was thereupon taken to this court.

The evidence shows, that on or about August 14, 1909, Louis E. Fitzgerald was conducting a retail boot, shoe and clothing store at Sheridan in LaSalle county; and that on the day mentioned he executed and delivered to the appellees a chattel mortgage on certain personal property, which included his stock of goods. The mortgage was given to secure an indebtedness of $850, and the chattel mortgage was in the usual form and properly acknowledged and recorded, as required by the statute.

On August 22, 1909, a levy was made on the Fitzgerald automobile at Ottawa, but one of the appellees secured its release from the levy by signing a forthcoming bond for Fitzgerald. The next day, on the 23rd of August, the appellees, feeling themselves insecure in consequence of the levy which had been made, took possession of all the property described under

the provisions of the mortgage, and put one of their employees in charge of the store and in custody of the property mentioned; and this was done with the consent of the mortgagor.   Then, on August 24th, Charles R. Rowlson recovered a judgment in the Circuit Court of LaSalle county against Fitzgerald for $73.95, and an execution was issued to the sheriff and placed in the hands of the deputy sheriff to execute.   The deputy sheriff found the appellees in possession of the Fitzgerald store and the property covered by the mortgage; but, nevertheless, he insisted upon making a levy of the execution and finally, by threatening to break down the door of the store, obtained the keys of the store from appellees and seized the stock of goods.   He then placed a padlock on the door and put his own custodian in charge of the property.   On August 28, 1909, bankruptcy proceedings were instituted against Fitzgerald in the United States Court at Chicago, by the Superior Brass and Fixture Company, and other creditors; and in these proceedings appellant was appointed by the court as receiver of the property and effects of Louis E. Fitzgerald, the alleged bankrupt.

The appellant, immediately upon its appointment, sent its agents down to Sheridan to take possession of the goods and property of Fitzgerald.   Upon arriving at Sheridan these agents, under instructions from appellant, induced the sheriff to turn over the keys of the store to them, and thereupon seized the stock of goods and property in question, and against the will and in spite of the protest and objection of appellees, removed the property from the store and from the county to Chicago, where it was disposed of in some way.

It is well settled that the mortgagor, after default and after possession taken by the mortgagee, no longer has any legal estate in the mortgaged property. (*Frankenthal v. Meyer,* 55 Ill. App. 405; *Kenyon v. Shreck,* 52 Ill. 382; *Simmons v. Jenkins,* 76 Ill. 479; *McConnell v. People,* 84 Ill. 583.)

By taking possession of the mortgaged property in this case under the conditions of their mortgage, the title of the appellees to the mortgaged property became absolute, and they became legally the owners of the same. (*Durfee v. Grinnell,* 69 Ill. 371; *Whittemore v. Fisher,* 132 Ill. 257; *Constant v. Matteson,* 22 Ill. 559.)

The principal point made by the appellant in urging a reversal of the judgment in this case is that the appellees cannot legally maintain an action of trespass, because, at the time the property in question was seized by the appellant, the appellees did not have actual possession of the property. While possession is necessary as a matter of law, as a basis for maintaining an action of trespass, such possession in case of a legal owner need not be actual but may be constructive. (1 Chitty, 168.)

There can hardly be much doubt about the fact that appellees had possession of this property. It is not only clearly shown by the evidence but the appellant, after it had seized the property, averred it to be a fact in a verified petition, which it filed in the bankruptcy proceedings in which it was appointed receiver, for an injunction to restrain the prosecution of this suit. This averment in the petition was not only a direct admission by appellant but a direct assertion under oath that it took this property from the possession of the appellees. It is clear that the sheriff by levying the execution upon this property, which was in the possession of the appellees and to which they had acquired the legal title and ownership, became a trespasser. (*Pike v. Colvin,* 67 Ill. 227; *Durfee v. Grinnell,* 69 Ill. 371; *Simmons v. Jenkins,* 76 Ill. 479.) And the appellant in taking this property from the hands of the sheriff, and by forcibly removing it against the will and objection of the appellees from the premises and from the county, and by thus depriving appellees of their property, was also guilty of trespass. Any

unlawful exercise of authority over the goods of another will support a trespass, even though no physical force is exercised. (*Chicago Title & Trust Co. v. Core*, 223 Ill. 58.)  And the person having legal ownership may maintain an action for trespass, for taking his property, against the second trespasser as well as against the first. (*Cox v. Hall*, 18 Vt. 191.)

It is also insisted that in taking this property the appellant acted under the order of the United States Court, and as its officer, in its capacity as receiver, and that, therefore, it cannot be made personally liable. It is true that an officer who acts in the line of his duty and within the scope of his authority is not liable personally. But in this case, appellant's authority, under the court order, extended only to the taking possession of the property of Fitzgerald, and did not include a right to seize any of the goods and chattels legally belonging to appellees. By doing so it clearly exceeded the authority received through the order of the court, and became a trespasser. (*Pike v. Colvin*, 67 Ill. 229.)

The appellees have assigned cross-errors, claiming that they are entitled to recover the full value of the property taken and that, therefore, the amount of the judgment should have been at least $1,800, and they ask this court to increase the amount of their judgment. Inasmuch as this court has no power to increase the amount of the judgment, there is no occasion to consider the questions raised by the cross-errors.

We find no reversible error in the record, and the judgment should therefore be affirmed.

*Judgment affirmed.*