Beach v. Derby.

JAMES S. BEACH, Appellant, *v.* WILLIAM M. DERBY, Appellee.

APPEAL FROM COOK.

Where, by a chattel mortgage, the possession of property is to be retained until the maturity of the notes, unless an attachment or execution is sooner levied upon the property mortgaged, such mortgages may be purchased and assigned, and the assignor acquires the rights and powers of the mortgage.

An attachment of such mortgaged property is subordinate to the rights of the mortgagee, not in hostility.

An acknowledgment of a power of attorney to authorize the sale of personalty, before a notary public, does not make proof; such an instrument has to be proved as at common law.

It does not matter to the creditors of the mortgagor whether the assignee of a chattel mortgage paid the assignor any consideration for it or not.

Property described "as all articles of household furniture now contained in said house, consisting of tables, carpets, chairs, sofas," etc., is not such a description as is objectionable.

THIS was an action of replevin, commenced by plaintiff below (the appellee here) against the defendant below (the appellant), September 5th, 1856. The writ was issued for the recovery of the following property, specified therein, to wit: Four horses, two omnibuses, two sets of harness, four bedsteads and cords, thirty-two mattrasses, twenty-two straw beds, thirty-one sheets, sixty-two pillows, thirty-one pillow cases, nine bed-spreads, sixty-nine comforters, eight quilts, seventeen washstands, twelve chamber sets, five looking-glasses, nine window curtains and fixtures, carpets, etc., one hundred chairs, eight curtain rods, five pounds dried apples, forty-one packages saleratus, three-quarters chest tea, two-thirds case of anchovies, two-thirds case of pepper, one-quarter chest black tea, six dining-tables, seven tables, six castors, ten salt and twelve plated spoons, twenty-seven plated forks, three side-tables, forty-four knives, two hundred saucers, three cups, seventy-two plates, seven milk pitchers, thirty goblets, half barrel flour, one large dish, a lot of crockery, two cooking stoves, fixtures, gas burners, refrigerators, one copper boiler, eight iron shovels, and empty barrels.

The declaration contained two counts. The first count was in the *detinuit,* for the detention of the goods and chattels replevied upon the writ, being the same above named, with the exceptions in the second count mentioned. The second count was in the *detinet,* for a parcel of the goods and chattels in the writ specified, to wit: "one horse, a lot of crockery, and about ninety chairs," which, it was alleged in said count, had not been returned to the plaintiff, but were still detained by the defendant below.

40

Beach *v.* Derby.

The defendant below plead that he seized the goods and chattels specified in the declaration in his official capacity, as coroner and acting sheriff of the county of Cook, under and by virtue of certain writs of attachment sued out of the Circuit Court of Cook county, against one James N. Graves, and that the said goods and chattels were the property of said Graves at the time of their seizure, and liable to seizure under said writs of attachment, and not the property of the plaintiff below; and also the plea of property in one James N. Graves, and not in the plaintiff below.

Replication and joinder thereon. It is agreed by the parties that no question is to be raised upon the sufficiency of the pleadings.

The cause came on for trial upon the 9th day of May, A. D. 1857, and a jury was empanelled to try the issues joined.

The plaintiff below introduced in evidence two writs of attachment sued out of the Circuit Court of Cook county, against one James N. Graves, in and by which it appeared that the property specified in the writ and declaration in this cause was taken under and by virtue of said writs of attachment, upon the 23rd day of August, A. D. 1856, by the defendant below, acting in his official capacity as acting sheriff of Cook county.

The plaintiff below then offered in evidence a certain mortgage, dated April 1st, 1856, executed by James N. Graves, and conveying the property specified in the declaration in this cause to one Horatio Graves, together with the assignment of said mortgage, indorsed upon the back thereof by one H. S. Hudson, claiming to act as attorney in fact of the mortgagee, Horatio Graves—said assignment being in words and figures following, to wit:

KNOW ALL MEN BY THESE PRESENTS, That I, Horatio Graves, of Sunderland, in the county of Franklin, State of Massachusetts, the mortgagee within named, for and in consideration of the sum of two thousand dollars, to my attorney in hand paid by William M. Derby, of Chicago, county of Cook, and State of Illinois, at and before the sealing of these presents and the delivery hereof, the receipt whereof is hereby acknowledged, have granted, bargained, sold, set over and assigned, and by these presents do grant, bargain, sell, set over and assign unto the said William M. Derby, his heirs and assigns, the within deed of mortgage, and all my right and title to the property therein mentioned and described, together with the original debt for which said mortgage was given, and all evidence thereof, and all the rights and appurtenances thereunto belonging; to have and to hold all and singular premises hereby granted and assigned, or mentioned, or intended to be mentioned, unto the said Derby, his heirs and assigns, forever.

Witness my hand and seal this twenty-ninth day of August, A. D. 1856.

HORATIO GRAVES. [SEAL.]

By H. S. HUDSON, authorized by power of attorney.

The above assignment was duly acknowledged before a justice of the peace for the county of Cook.

And also a power of attorney, purporting to be from Horatio Graves to said Hudson, and under which said Hudson claimed to act as the attorney in fact of said Horatio Graves in making said assignment.

The acknowledgment to this power of attorney is as follows :

Commonwealth of Massachusetts, Hampshire county, ss : July 23rd, 1856.

Then personally appeared Horatio Graves, subscriber to the foregoing power of attorney, and acknowledged the same to be his free act and deed before me.

[L. S.]                            EDWARD DICKINS, *Notary Public.*

To the introduction of said mortgage the defendant objected, but the court overruled the objection.

The assignment of the mortgage by Hudson to the plaintiff below was made and executed on the 29th day of August, 1856.

The plaintiff below then introduced, in evidence, a certain other mortgage, from James N. Graves to one John B. Clark, conveying the following described goods and chattels, to wit : A three years' lease of the Bay State House, formerly known as the Bissell House, Nos. 222 and 224 Lake street, situate on the corner of Lake and Franklin streets, in Chicago, aforesaid, said lease running three years from the first day of May last, and given by Peacock & Thatcher to said Graves ; also, all articles of household furniture now contained in said house, consisting of tables, carpets, chairs, sofas, lounges, bedsteads and bedding, stands, mirrors, table cutlery, crockery and glass ware, stoves and cooking utensils, together with other articles of furniture and furnishing, all and singular, of whatsoever name or description ; all wines, liquors and cigars, bar and furniture, one bay draught horse, baggage wagon and harness, two omnibuses, two sets of harness, and four omnibus horses, all of which said property is now contained in and used about said Bay State House,

Upon this mortgage was indorsed an assignment thereof by the mortgagee, Clark, to one H. S. Hudson, made and executed on the 7th day of August, A. D. 1856, and an assignment from Hudson to the plaintiff below, made and executed on the 4th day of September, A. D. 1856.

*H. S. Hudson* testified that he had seen the property described in the writ of replevin in this suit, and remembered the day of the levy of the attachments, that it was the 23rd day of August, A. D. 1856 ; that the property mentioned in the returns to the attachment writs was the same specified in the writ in this cause ; that when the levy was made, the property was in the Bay State House ; that James N. Graves was the last occupant of the

house, and was in possession of said property at the time of the levy, and that the property was his ; that he knew the property was mortgaged by James N. Graves to Horatio Graves, and also to John B. Clark, and identified the mortgages introduced in evidence by the plaintiff below.

The witness was then asked by defendant's counsel whether Horatio Graves received any consideration for the assignment of said mortgage to the plaintiff below.

To this question the plaintiff objected, and the court sustained the objection.

*L. D. Wilkinson* testified, on behalf of the plaintiff below, that prior to the issuing of the writ in this cause, and after the assignment of said mortgage to the plaintiff below, a demand was made upon the defendant below for the property specified in the writ; that three horses were returned to the officer upon service by the replevin writ instead of four, and that demand was made for the fourth horse, but he was not returned.

The plaintiff below here rested his case, and the defendant below offered as a witness John H. Thompson, to prove that Horatio Graves was never paid anything by the plaintiff below for the assignment of said mortgage, and that the witness, Hudson, endeavored to get the said Horatio Graves to give him a new power of attorney to make said assignment, and to ratify the assignment.

The plaintiff below objected to the introduction of this testimony, and the court sustained the objection.

The defendant below then moved to exclude the mortgages which had been introduced in evidence by the plaintiff below, on the ground of indefiniteness of description, but the court overruled the motion.

The court thereupon gave the following instruction :

If the jury shall find, from the evidence, that the property mentioned in plaintiff's declaration was, *at the time of the taking* of the same by the defendant on the attachments, the property of plaintiff, and that he was entitled to possession thereof, they will find for the plaintiff; and if they shall also find that a portion of the property so taken was not recovered and returned on the writ in this cause, then the plaintiff is entitled to recover the value of the same in damages, to be assessed by the jury.

The jury found a verdict for the plaintiff below, and assessed damages at two hundred and sixty-five dollars.

The defendant below thereupon entered a motion for a new trial, which was overruled by the court.

The errors assigned and relied on by the appellant are as follows, to wit:

That the verdict of the jury was contrary to the evidence.

That the verdict of the jury was contrary to law.

That the verdict was contrary to the instructions of the court.

That the verdict was excessive.

That the court erred in admitting in evidence the mortgage from James N. Graves to Horatio Graves, the assignment thereof to the plaintiff below being void, not having been legally made.

That the court erred in refusing to allow the defendant to examine the witness Hudson, as to whether Horatio Graves received any consideration for the assignment of the mortgage of James N. Graves to Horatio Graves, by Hudson to the plaintiff below.

That the court erred in refusing to allow the defendant to ask the witness Hudson whether he did not endeavor to procure from Horatio Graves a ratification of the assignment of the mortgage (from James N. Graves to Horatio Graves) to the plaintiff below, and a new power of attorney.

That the court erred in not allowing the defendant to examine the witness Thompson, to establish the fact that Hudson endeavored to procure from Horatio Graves a ratification of the assignment of said mortgage from James N. Graves to Horatio Graves, to the plaintiff below, and a new power of attorney authorizing him so to do, and that Horatio Graves was never paid anything by the plaintiff below for the assignment of said mortgage.

That the court erred in overruling the motion by defendant below to exclude the mortgages on the ground of indefiniteness of description, and particularly the mortgage from Graves to Clark.

That the court erred in overruling the defendant's motion for a new trial.

That the court erred in entering judgment for the plaintiff below.

That the court erred in not entering judgment for the defendant below.

Dow & Fuller, for Appellant.

J. J. McGilvra, for Appellee.

Caton, C. J. James N. Graves executed two chattel mortgages upon the property for which this action is brought. The first was to Horatio Graves, and the other to John B. Clark. The plaintiff below claims the property as the assignee of both these mortgages. Both mortgages contained provisions, authorizing the mortgagor to retain the possession and use of the property till default should be made in the payment of the notes;

but they also provided that in case any execution or attachment against the mortgagor should be levied on the goods, the mortgagees or their assigns should thereupon have the right to declare the notes due and the mortgages forfeited, and to take possession of the goods. Before the notes by their terms matured, Beach, the defendant below, levied upon and seized the goods, by virtue of a writ of attachment against the goods and chattels of the mortgagor. Subsequent to this levy, and while the goods were in possession of Beach, the mortgages were assigned to Derby, the plaintiff below, who thereupon replevied the goods from the possession of Beach.

The first question which we shall consider, is, that which is raised by the appellant. He claims that the appellee could not purchase the mortgages, and thereby the property itself, while it was in the actual adverse possession of the appellant, according to the principle decided in *Mc Goon* v. *Ankeny*, 11 Ill. R. 558. This objection would be fatal to the right of Derby to recover in this case, if the facts warranted the application of the principle. But they do not. Until the maturity of the notes, to secure which these mortgages were given, the mortgagor had a right to the possession and use of the property, with the right in the mortgagees to hasten the maturity of the notes, in the event of the levy of attachments or executions on the property. Such levy of itself, however, did not at once mature the notes, but it only gave the right to the mortgagees to declare them due. Until that affirmative act was done, the rights, duties and obligations of all parties remained precisely the same as if the mortgage had contained no such provision. When this attachment was levied, the defendant therein had the right to the possession and use of the property. This was an attachable interest which the attaching creditor had a right to levy upon and sell, subject to the chattel mortgages. The possession of the officer under the attachment was not necessarily hostile, but subordinate to the mortgages. At the time the appellee purchased them, his assignors had not yet declared the notes due, for the reason that the attachment had not been levied, and consequently he had as yet acquired no right to the possession of the property. This right to hasten the maturity of the notes, and thereby acquire an immediate right to the possession of the property, was passed to Derby by the assignments of the mortgages. At the time of the levy of the attachment the mortgagees had no right to the possession of the property, but that right was then vested in the mortgagor, and the possession derived from him under the attachment, could not be hostile to the mortgages, but was necessarily subordinate to them.

We have thus far considered the case as if the assignments of both mortgages had been properly proved. This, however, was not the case. The only evidence of the execution of the power of attorney from Horatio Graves to Hudson, under and by virtue of which the latter assigned the mortgage to the appellee, was an acknowledgment before a notary public in Massachusetts. Had it been a power to convey real estate, this would have have been sufficient under our statute of conveyances. But this statute does not apply to instruments relating to or affecting personalty. These are left to be proved as at common law. For this reason the judgment will have to be reversed; although, perhaps, if this mortgage had been ruled out, Derby might have recovered upon the other mortgage.

We see no objection to the description of the property in the mortgages; nor do we think the court erred in ruling out the evidence afforded, tending to show that Derby paid no consideration to Graves for the assignment of the mortgage. That was no business of the creditors of the mortgagor.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*