# IVORY H. PIKE

## v.

# SAMUEL COLVIN.

1. REMEDY—*for wrongful levy on property.* Where an officer, under an execution, seizes the goods of some other person than the defendant in the execution, the owner may maintain an action, and trespass is the usual remedy of the owner, but trover may be maintained in many cases as well as case, and replevin will lie. The owner is not bound to resort to a trial of the right of property.

2. SAME—*remedy of mortgagee against officer seizing the property for mortgagor's debt.* Where an officer levies an execution upon mortgaged chattels in the possession of the mortgagor, before default in the condition authorizing the mortgagee to take possession, and sells the interest of the mortgagor, the mortgagee can not maintain trover against the officer. In such case, the mortgagee should try the right of property, or bring replevin, before the sale, against the officer.

3. PROCESS—*when no protection to officer.* Where a sheriff or constable, having an execution against one person, levies upon the property of another, he becomes a wrong-doer, and his execution is no protection. It only protects him to the extent that he obeys the command of the writ, and no further. When he goes beyond such command, he becomes liable as though he had acted without any writ.

4. OFFICER—*acts at his peril.* A sheriff or constable, having a *fieri facias*, is compelled to act at his peril. If the property seized is not that of the defendant, he incurs liability by levying and taking the property. On the other hand, if the property is that of the defendant, and he knows of it, or can know it by reasonable effort, and is required by the plaintiff to levy on it, and he fails or refuses to do so, he becomes liable to the plaintiff in the execution.

5. EXECUTION—*what interest subject to levy under.* Until a breach of the condition of a chattel mortgage, the mortgagor holds a contingent interest in the property that is liable to levy and sale on execution or attachment. But after the maturity of the debt, or the failure of the condition upon which the mortgagor may retain possession, the mortgagee has the right to reduce the same to possession, and having done so, he has the legal right to retain it, and an execution or attachment can not deprive him of it.

6. CHATTEL MORTGAGE—*right of purchaser of mortgagor's interest.* Where the interest of the mortgagor, under a chattel mortgage, is sold

under execution, the mortgagee may recover it of the purchaser, who will, on its sale, be entitled to the surplus, if anything remains after the payment of the mortgage debt.

7. SAME—*interest of mortgagor—how reached when the mortgagee takes possession.* If the mortgagee reduces the property to possession before a levy, or if he takes it from the officer after a levy, in such case, the execution creditor's only remedy is by garnishee process against the mortgagee. He can, by this means, reach any surplus in his hands. This is the rule where the mortgage requires a sale, and the payment of the surplus to the mortgagor.

8. SAME—*entry of acknowledgment in justice's docket.* The entry of the acknowledgment of a chattel mortgage by the justice, in a special docket kept for that purpose, instead of in his general docket, is a substantial compliance with the statute.

9. SAME—*parol evidence to identify property.* Parol evidence is admissible to identify the chattels included in a chattel mortgage. The description of the property will be sufficient if it is so particular that it can be identified as that described in the mortgage, and answers the general description.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action of trover, by Samuel Colvin, against Ivory H. Pike, a constable of McLean county.

The defendant levied upon the property claimed by the plaintiff, under two executions, against one George Cornelius, and advertised and sold the same. The plaintiff claimed the mule levied on, under a chattel mortgage given by Cornelius to one William H. Miller, and assigned by Miller to plaintiff. He made a demand of the property before the sale, and the constable replied that he could not give up the property on mere demand, and advised the plaintiff to replevy the same and thereby try his claim of ownership.

The mortgage provided that the mortgagor might retain possession and have the use of the chattels until the day of payment, etc., and also that, in case the said goods, "or any part thereof, in the meantime, shall become less valuable by misuse, or shall be attached or levied upon by any other creditor or creditors of the said George Cornelius, etc., then,

whether said notes shall be due or not, the said William H. Miller, or his attorney, agent or assigns, or heirs, etc., shall have the right to take immediate possession of said goods and chattels, and sell the same at public sale," etc. The levy was made before the maturity of the last note, and while the property was in the possession of the mortgagor.

The cause was tried by the court without a jury, who found the issues for the plaintiff, and assessed his damages at $75, and rendered judgment for that sum, and costs, from which the defendant appealed.

Messrs. STRAIGHT & STRAIGHT, for the appellant.

Messrs. ROWELL & HAMILTON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is contended that trover will not lie for the recovery of property wrongfully levied upon under an execution, but the owner is compelled either to replevy or try the rights of property under the statute. This is not the law. Where a sheriff or a constable, having an execution against one person, levies upon the property of another person, he becomes a wrongdoer, and his execution is no protection. It only protects him to the extent that he obeys the command of the writ, and no further. The writ only commands him to seize the goods and chattels of the defendant in execution, and when he goes beyond the command of the writ, he becomes liable as though he had acted without any writ.

Such an officer, having a *fieri facias*, is compelled to act at his peril. If the property seized is not that of the defendant, he incurs liability by levying and taking the property. On the other hand, if the property is that of the defendant, and he knows of it, or can know it by reasonable effort, or is required by the plaintiff to levy on it, and he fails or refuses to do so, he becomes liable to plaintiff in the execution. He may frequently be placed in peril, as, if he levies, he will be

sued by the claimant, and if he refuses, by the plaintiff in execution. But, like all other officers, he must perform his duty whatever the danger of suits and liabilities may be. Because he is armed with an execution against the property of one man, he does not thereby derive immunity for seizing the property of another.

When an officer seizes the goods of some other person than the defendant in execution, the owner may maintain an action, and trespass is the usual remedy of the owner, but trover may be maintained in many cases as well as case, the writ forming no justification. In the modern practice, replevin may be employed in all such cases, and, as an additional remedy, the owner may resort to the more speedy and less expensive remedy of a trial of the right of property under the statute. Some of these remedies may be resorted to in all such cases, and others in some of them. Counsel are mistaken when they suppose that a trial of the right of property is the only remedy in such cases. The statute does not make it so, and the uniform practice has regarded the statutory remedy as simply cumulative to that given by the common law.

In the case of *Beach* v. *Derby*, 19 Ill. 617, it was held that the levy of an attachment is subordinate to the rights of the mortgagee where the mortgage is legal and binding. The rule has been followed in other cases, and from the application of the rule in its spirit, it must be held to apply with equal force to levies under executions. Until a breach of the condition in the mortgage, the mortgagor holds a contingent interest in the property that is liable to levy and sale on execution or attachment, and the purchaser becomes the owner to the extent, only, of the mortgagor, and succeeds to all of his rights. But where the conditions of the mortgage become forfeited, the title to the property becomes absolute in the mortgagee, and he then is invested with the legal title and may proceed under the mortgage to sell if required by the mortgage, and after paying the mortgage debt, pay the surplus, if any, to the person designated in the mortgage. After

the maturity of the debt, or the failure of the condition upon which the mortgagor may retain possession, the mortgagee has the legal right to reduce the property to possession, and having done so, he has the legal right to retain it, and an execution or attachment can not deprive him of it. See *Prior* v. *White*, 12 Ill. 261, *Merritt* v. *Niles*, 25 Ill. 283.

Where the mortgage provides that the mortgagor may retain the possession until default in payment, unless seized under execution or attachment, where the mortgagee may take the property into possession, if levied on under such a writ, he may at once possess himself of the property by a writ of replevin; or, if he fail to do so, and it is sold, he may recover it from the purchaser, who will, on its sale, be entitled to the surplus if anything remains after the payment of the mortgage debt.

If, however, the mortgagee reduces the property to possession before a levy, or if he takes it from the officer after the levy, in such case, the execution creditor's only remedy is by garnishee process against the mortgagee. He can, by that means, reach any surplus in his hands, but can not deprive him of the property or its possession, because he has acquired it legally under a contract which is lawful. What we have here said, applies to cases where the possession, by the terms of the mortgage, remains with the mortgagor, and where it provides that the mortgagee shall sell the property and pay the surplus to the mortgagor.

It is objected that the mortgage was invalid, because the justice of the peace who took the acknowledgment of the mortgage, did not make the entry, required by the statute, in his general docket, but in a special docket or book kept expressly for such entries. We fail to perceive any force in this objection. It is a substantial compliance with the statute, and enables creditors and purchasers to acquire notice of the mortgage as readily, or more so, than if it had been placed upon his general docket, and no reason is urged why it should

not have the same effect, except we are asked to give the statute the narrowest possible construction. Neither justice nor policy requires such a construction.

It is next urged, that the description of the property embraced in the mortgage is too uncertain, and it was error to admit evidence to identify the property. It would seem to be a proposition that all could see, on its mere announcement, that it is almost, if not entirely impossible, to describe personal property with such certainty as not to require identification. Where there are, in the county, doubtless, many mules of the same general color, and about the same age, could any one make a description so minute and accurate as to enable any person to know it from others of similar age, color and size? Counsel have not even suggested that it may be done, and have not attempted to show that it can. There is no force in this objection, the description being as particular as the law requires. It is so particular that the property can be identified as that described in the mortgage, and answers the general description.

The interest of the mortgagor in this property was subject to levy and sale under the execution in the hands of appellant. Appellee having failed to try the right of property or replevy it, the officer was authorized to sell it subject to the mortgage, as he seems to have done. If he abused his process, or wrongfully aided in depriving appellee of his property so that it became lost to him, the latter might, no doubt, have his action on the case; but the officer was, and is protected by the command of his writ in selling whatever interest the defendant in execution held in the property, and hence the action of trover will not lie.

Appellee has, so far as this evidence shows, the right to reclaim the possession of the property and subject it to the payment of his debt, and may, no doubt, maintain replevin for it against the purchaser or person having its possession; or, as the title has vested in appellee, he may, after demand and

refusal, maintain trover against the person having its possession.

We have no hesitation in saying that this action was misconceived, and the judgment of the court below must be reversed.

*Judgment reversed.*