## The People, etc., for the use of Clara B. Palmer v. William W. Dickson et al.

1. CHATTEL MORTGAGES—*Interest of Mortgagor Liable to Executions.*—Where the mortgage debt is not due, and the mortgagor is in possession of the property pursuant to the terms of the mortgage, he has an interest in the property which is subject to levy, and also to sale upon execution.

2. CONSTABLE—*Where Not Liable as a Trespasser—Mortgaged Property.*—Where the debt is not due and the mortgagor of personal property is in possession of it pursuant to the terms of the mortgage, an officer is not liable as a trespasser for making a levy upon and sale of it under an execution.

3. EXECUTION SALE—*Mortgaged Property—Right of Purchaser.*—A purchaser of mortgaged property at an execution sale takes only the rights of the mortgagor. If the mortgagee does not interfere, the sale must proceed, and as the officer has no further control of the property, he can not be held responsible for the subsequent acts of the purchaser.

Debt, on an official bond. Appeal from the Circuit Court of Adams County; the Hon. OSCAR P. BONNEY, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed May 16, 1896.

SPRIGG & ANDERSON, attorneys for appellants.

HAMILTON & WOODS, attorneys for appellees.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was an action of debt on the official bond of Dickson as constable.

The breach charged was that the officer levied an execution upon certain chattels upon which the execution debtor had, before the execution became a lien, executed a mortgage to the usee, and in pursuance of such levy sold the property, which the purchaser removed from the State, whereby the mortgagee was damaged, etc. The Circuit Court sustained a demurrer to the declaration and rendered judgment against the plaintiff accordingly, and the only question now for consideration is as to the propriety of this ruling. The demurrer pointed out as a special ground of objection that the chattel mortgage, which was set out *in haec verba*, provided for possession in the mortgagee, and the argument on both sides is confined to this point.

The position of appellants is, that when all the provisions of the mortgage are considered it is apparent that the possession was to be in the mortgagor, and that, by a mere clerical error, the name of the mortgagee was inserted in the provision for possession instead of that of the mortgagor. It is unnecessary to determine this question.

Assuming that the proper construction is as contended for by the appellants, the declaration disclosed no cause of action.

The mortgage debt was not due, and, as assumed, the mortgagor was in possession pursuant to the terms of the mortgage.

In such case the mortgagor had an interest in the property which was subject to levy, and also to sale, unless the mortgagee under the insecurity clause took proper steps to obtain possession. The officer would not be liable as a trespasser for his acts in making the levy and sale, and while the purchaser would take only the rights of the mortgagor, the officer would not be liable if the property should be removed from the State by the purchaser. If the mortgagee does not interfere, the sale will go on, and as the officer has no further control of the property, he can not of course be held responsible for the subsequent acts of the purchaser. Prior v. White, 12 Ill. 261; Beach v. Derby, 19 Ill. 617; Pike v. Colvin, 67 Ill. 227; Durfee v. Grinnell, 69 Ill. 371; Simmons v. Jenkins, 76 Ill. 479; Barchard v. Kohn, 157 Ill. 586; Herman on Chat. Morts. Sec. 187; Jones on Chat. Morts. Sec. 560.

The judgment is affirmed.