Slade v. Kurrus.

---

### James P. Slade, Assignee, v. Joseph A. Kurrus.

CHATTEL MORTGAGE—*effect of failure of mortgagee to take possession after default.* A chattel mortgage ceases as against third parties to be a lien if the mortgagee upon default does not take possession. A subsequent payment by the mortgagor has no effect to revive the lien.

Trover. Error to the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the February term, 1906. Reversed and remanded. Opinion filed September 14, 1906. Rehearing denied February 26, 1907.

L. H. HITE and CHARLES NEUSTADT, for plaintiff in error.

ALEXANDER FLANNIGEN and B. H. CANBY, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in trover, brought by James P. Slade, plaintiff in error, as assignee of L. R. Ellis and A. M. Jen-

nings, against Joseph A. Kurrus, defendant in error, based on the alleged unlawful taking by Kurrus of certain goods and chattels, described as being a "complete laundry outfit" from Slade, who claimed and was in possession of the same by virtue of a deed of assignment to him made by said Ellis and Jennings. There was a plea of not guilty, a trial by jury and a verdict in favor of Kurrus. A judgment was entered against Slade for costs and he brings the case to this court for review by writ of error.

There is no dispute as to the facts in the case, which are substantially as follows: On July 16, 1897, said Ellis and Jennings owned the laundry outfit mentioned in the declaration, which was located in a building in East St. Louis owned by Kurrus, and on that day made a general assignment for the benefit of their creditors to Slade. On the next day the deed of assignment, together with an inventory of the property assigned, was filed in the County Court of St. Clair county and on July 20, Slade, as assignee, took possession of the assigned property and entered upon his duties as such assignee. Prior to the date of the assignment, on March 24, 1897, the property was owned by E. E. Harr, A. M. Jennings and W. C. Fraser, who on that date borrowed $500 of the Workingmen's Banking Co. of East St. Louis, giving their note therefor, due in 90 days, with defendant in error Kurrus as indorser. To protect Kurrus, they gave him a chattel mortgage on the laundry property in question which provided among other things, that if said mortgagors should well and truly pay or cause to be paid the sum of $500, according to the tenor of their said promissory note, then the mortgage was to be void, otherwise to remain in full force and effect; and also that until default should be made by the mortgagors in the performance of the conditions of the mortgage, it should be lawful for them to retain possession of said goods and chattels, and use and enjoy the same for the space of one year. On July 1, 1897, Ellis and Jennings, who in the meantime had become the owners of the laundry property, paid $100 upon the principal of the note for $500, which was then past due, and together with Kur-

Slade v. Kurrus.

rus and one Duncan Fraser, gave their note for the remaining $400 due 81 days after date to the Southern Illinois National Bank of East St. Louis, and the note for $500 was surrendered to Ellis and Jennings. When this note became due, on September 20, 1897, Kurrus took it up, giving his personal note for the amount due to the bank, and the bank indorsed the $400 note without recourse and delivered it to him. The individual note given by Kurrus to the bank was subsequently, on October 23, 1897, paid by him. Shortly after Kurrus had paid the note of July 1, 1897, he placed the note and chattel mortgage in the hands of a constable for foreclosure and sale. The constable took the property from Slade, who then had it in possession, against his protest, advertised it and on September 27, 1897, sold it to Kurrus, who became the purchaser for his debt and cost, amounting to $550.50.

Upon the trial the court below gave an instruction on behalf of defendant in error, telling the jury that under the chattel mortgage, the legal title to the property therein described, upon default in payment of the debt, became vested in the mortgagee Kurrus and he had a lawful right to take possession of and sell the same to satisfy such debt, and in so doing, would not render himself liable to plaintiff in error as for a wrongful taking and conversion of such property to his own use; and the giving said instruction for defendant in error, is assigned as error.

One of the conditions of the chattel mortgage above referred to, was that the same should become void unless the sum of $500 should be paid according to the tenor of the promissory note therein described. The tenor of the note was that the sum mentioned should be paid 90 days after March 24, 1897. The note was not paid at the time specified and at its maturity defendant in error could have taken possession of the property under the chattel mortgage, but failed to do so. While the mortgage provided that until default be made by the mortgagors in the performance of the conditions of the mortgage, it should be lawful for them to retain possession of said goods and chattels, and to use

and enjoy the same for the space of one year, etc., yet there was no provision permitting the mortgagors to retain possession of the property after default was made and therefore as between Kurrus and the other creditors of the mortgagors, it was his duty to take possession of the property upon the non-payment of the debt at its maturity. Nor was the lien of the mortgage revived or renewed against the other creditors by the subsequent payment of $100 upon the principal and the giving of a new note to another banking institution for the balance. Especially is this true in view of the fact that two of the original makers did not sign the new note and it contained the name of two persons who had no connection with the original note, one of whom appears to have had no interest whatever in the property in question. Before defendant in error attempted to foreclose his mortgage, the property had passed by assignment to plaintiff in error for the benefit of all the creditors of the parties making the assignment. As Kurrus had failed to take possession upon default in payment of the note described in the mortgage, he was not entitled by virtue of such mortgage, to take the property from the possession of the assignee. The instruction given for the defendant in error did not correctly state the law as applicable to this case and for that reason the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*