### W. C. Burk, Appellant, v. Matt Faber, Appellee.

1. CHATTEL MORTGAGES, § 203*—*when allowing property to remain in possession of mortgagor after maturity is fraudulent.* Where a chattel mortgagee fails to take possession of the mortgaged chattels within a reasonable time after the maturity of the mortgage and allows them to remain in the possession of the mortgagor, such is a fraud as to creditors and purchasers and cannot be explained.

2. CHATTEL MORTGAGES, § 203*—*when mortgagee's delay in taking possession unreasonable.* Where a chattel mortgagee did not attempt to take possession of the mortgaged property until the sec-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ond day after the mortgage matured, *held* that the delay was unreasonable and that the rights of the mortgagee were thereby postponed to the rights and liens of execution creditors of the mortgagor, where it appeared that the mortgagee and mortgagor lived only three or four miles apart.

3. TRIAL, § 298*—*right to refuse proposition of law embodied in others.* A proposition of law may be properly refused when the same principal is embodied in others which were held to be the law.

Appeal from the Circuit Court of Effingham county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914.

W. S. HOLMES, for appellant.

H. S. PARKER, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

The appellant brought an action of replevin in the Circuit Court of Effingham County to recover from appellee, the sheriff of said county, the goods and chattels described in the declaration. A jury was waived and trial had by the judge of the Circuit Court, who determined that plaintiff was not entitled to recover the goods and chattels mentioned, and from this judgment the plaintiff prosecutes his appeal.

It appears from the record in this case that on September 9, 1912, William Dunn was indebted to Jacob Todt in the amount of $1,000, and on that date made and delivered to said Todt his note, with appellant W. C. Burk and S. M. Dye as sureties thereon for the said William Dunn; said note by its terms was to mature one year after date thereof; that on September 11, 1912, the said Dunn executed and delivered to W. C. Burk and S. M. Dye a chattel mortgage upon the property in question to indemnify the said parties as sureties for the said Dunn upon said note. It was pro-

*See **Illinois Notes Digest**, Vols. **XI** to **XV**, and **Cumulative Quarterly**, same topic and section number.

vided by said mortgage that until default be made by said mortgagor in the payment of said note, it shall be lawful for him to retain possession of the said goods and chattels and enjoy the same; and said mortgage also contained the usual provision with reference to taking possession in the case of a levy or attempted levy of the property described therein.

It further appears from the evidence that on September 8, 1913, A. C. Crays and A. T. Collison obtained two judgments in the Circuit Court of Effingham county by confession against William Dunn et al., one for the sum of $122.76 and the other for the sum of $135.57 and costs, and that on September 9, 1913, executions were issued thereon and delivered to the sheriff; that on the ninth of September, 1913, A. C. Crays and A. T. Collison obtained another judgment against William Dunn et al. for the sum of $206.15 and costs, and caused an execution to be issued thereon and delivered to the sheriff on September 10, 1913.

It further appears from the evidence that the said William Dunn failed to pay the note upon which appellant and Dye were sureties, at its maturity, and that negotiations were going on between Dunn and the said sureties to renew said mortgage, but it was not renewed and the said Burk and Dye did not take possession of the property described in said mortgage until the morning of September 11, 1913; that on September 30, 1913, the appellee, as sheriff of said county, levied upon the goods and chattels described in said mortgage, whereupon the appellant instituted a suit of replevin to recover the possession of such goods and chattels.

The plaintiff filed the usual declaration in a suit of replevin. Defendant filed a plea justifying the taking of such property under the executions above referred to. The court found the issues for the defendant and adjudged the costs against the plaintiff. The appellant claimed that he was entitled to this property be-

cause he obtained possession thereof without unreasonable delay after the maturity of the mortgage, and that even if there was unreasonable delay that he obtained the possession before the sheriff made a levy under his executions, and that by reason thereof the mortgagee, appellant, was prior in his rights.

The evidence shows that the mortgage matured on September 9, 1913; that the judgments were rendered, some on the eighth and some on the ninth of September, and the executions issued and placed in the hands of the sheriff, some of them on the ninth and some on the tenth of September, 1913, and that levies were made on September 30, 1913.

It further appears that the appellant lived only about three or four miles from William Dunn, the mortgagor, and that appellant did not take or attempt to take possession of the mortgaged property until the second day after the mortgage matured. The Circuit Court held that the delay in taking possession of the property was unreasonable and that the rights of the appellant were thereby postponed to the rights and liens of the execution creditors aforesaid; that it was a fraud *per se,* and not to be explained, to permit the property to remain in the hands of the mortgagor until the second day when no valid reason is shown why possession should not have been taken at once after default. Counsel for appellant claims that as the mortgagee obtained possession of the property before the sheriff levied, that his rights were preserved, and contends that he is sustained in this position by the decision of the Supreme Court in the case of *Pike v. Colvin,* 67 Ill. 227; that appellee would be compelled to collect his debt by garnisheeing the balance that would remain in the hands of the mortgagee after the payment of such mortgage. We do not understand the case referred to as sustaining the contention of counsel. In that case the levy was made before the maturity of the last note and while the property was

properly in the hands of the mortgagor, under the terms of the mortgage. It would be an entirely different proposition if the grantee permitted his mortgage to become void by reason of not taking possession upon the maturity of the mortgage, and in accordance with its terms. Where the mortgagor is allowed to retain possession of chattels after the maturity of such mortgage, such possession will be considered fraudulent as to creditors and purchasers of the mortgagor. *Jones v. Noel,* 139 Ill. 377.

"Where parties live in the same town or county, one day after default would be a reasonable time within which to take possession of the property so situated, and an agent should be at hand for such purpose." *Reed v. Eames,* 19 Ill. 594.

A chattel mortgage ceases to be a lien as to third parties if the mortgagee upon default does not take possession. *Slade v. Kurrus,* 133 Ill. App. 99. It is clearly the law that if the mortgagee fails to take possession of the mortgaged property within a reasonable time after the maturity of the mortgage, and it is allowed to remain in the possession of the mortgagor, that such is a fraud as to creditors and purchasers, and such a fraud as cannot be explained. The Circuit Court determined that the time that the mortgagee permitted this property to remain in the hands of the mortgagor, after the maturity of the mortgage, and before attempting to take possession of it, was unreasonable and rendered the mortgage void as to the creditors in said executions, and we see no reason for disturbing this finding of the trial court.

It is contended by counsel for appellant that the court erred in refusing appellant's second, fourth, fifth and sixth propositions of law asked by the plaintiff, and contends that the second proposition submitted, that the mortgagee had a reasonable time to take possession of the property after the maturity of the mortgage, was erroneously refused. In this counsel is mis-

taken, as that proposition was included in the third, which was held by the trial judge to be the law; but the second, fourth, fifth and sixth propositions of law embodied the princinples herein contended for by appellant to be the law, and we think the Circuit Court properly refused all of said propositions for the reasons hereinabove set forth. During the time that the sheriff, appellee, held the executions and before the mortgagee took possession of the property, the mortgage became void, being fraudulent as to creditors, and immediately upon its becoming void the rights of the creditors then took precedence over those of the mortgagee and it became the duty of the sheriff to levy the executions upon the property of William Dunn, and, if necessary, to take this property from any one who held it unlawfully as against the creditors.

We are of the opinion that the findings and holdings of the Circuit Court are in conformity with the decisions of the Supreme Court of this State and that no reversible error was committed in the trial of this case, and the judgment of the lower court is affirmed.

*Judgment affirmed.*