Sedlak v. Standard Oil Co., 229 Ill. App. 378.

---

Frank Sedlak, Appellee, v. Standard Oil Company, Appellant.

Gen. No. 27,627.

1. EVIDENCE—*admissibility of chattel mortgage without proof of status of mortgagor.* A chattel mortgage made by "Cicero Rubber Company, a Trust" by two individuals as president and secretary, respectively, as mortgagor, is admissible in evidence in a proceeding to try the right to the property covered by the mortgage between a creditor which has seized the property on execution and the mortgagee claiming title under foreclosure sale under such mortgage, without proof of the so-called trust, where the mortgage is complete in itself, the words "a Trust" being merely descriptive.

2. CHATTEL MORTGAGES—*sufficiency of evidence of foreclosure.* Foreclosure of a chattel mortgage is not shown in a proceeding to try the right to the property covered by the mortgage as between the mortgagee claiming title through the alleged foreclosure, and

a judgment creditor who levied execution on the property, by evidence that a written notice of foreclosure signed by an agent of the mortgagee was sent to the common-law trust mortgagor giving notice of the foreclosure and the time thereof, that the mortgagee had employed an attorney to foreclose who had got a constable, who signed the notice as agent, to do the foreclosing, and by the mortgagee's testimony that he had foreclosed and that of the attorney that he paid the costs to the constable and had seen a notice of foreclosure on the door of the premises, where the reason for the foreclosure is not shown, the debt not having been due, and there is no evidence of the terms of the sale or what was received, the debt having been less than half the value of the mortgaged property, or that the mortgagee took possession after the sale.

Appeal by defendant from the County Court of Cook county; the Hon. F. S. RIGHEIMER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1922. Reversed. Opinion filed May 9, 1923.

EDWARD L. ENGLAND, for appellant.

No appearance for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

On June 20, 1921, the Standard Oil Company, the defendant herein, obtained judgment by confession in the circuit court for $623.53 and costs against Karel Smiricky and John A. Hruska, doing business as the Cicero Rubber Company. An execution was issued pursuant to said judgment and levied on certain office fixtures, furniture, machinery and stock in trade.

On July 8, 1921, Frank Sedlak, plaintiff, filed a notice with the sheriff of Cook county that he Frank Sedlak, claimed to be the owner and entitled to the possession of the property which had been levied upon, and demanded a right of trial of property in the county court. On the same day, an order was entered in the county court docketing the case as *Frank Sedlak v. Standard Oil Company,* and setting it down for hearing on July 15, 1921. On the latter date, pursu-

ant to a stipulation of both parties, there was a trial by the court without the intervention of a jury, and at the close of all the evidence the court found the right of property in the plaintiff, Frank Sedlak. This appeal is therefrom.

The evidence consists of the testimony of Frank Sedlak and William C. Graatman, attorney, together with certain exhibits. The abstract of record is very incomplete, and the record itself is very difficult to understand. Then, too, there are in the record what purport to be photographic copies of a large number of checks, notes and other instruments, most of which are exceedingly difficult to read without a microscope, and parts of some are entirely illegible. There is no brief for the appellee.

The evidence shows, as far as we can make it out, substantially, the following: One John Hruska was the son-in-law of the appellee, Frank Sedlak. He was in the tire fixing business at 5335 and 5337 West 25th street, Cicero. From time to time the appellee loaned his son-in-law, Hruska, for the purposes of the tire business, various sums of money. There were offered in evidence on behalf of the appellee eleven checks; one dated some time in March, 1917, payable to Heywood and some company for $500, marked paid March 29, 1917; one for $515, dated June 4, 1917, payable to John Hruska, marked paid; one for $1,000, dated February 15, 1918, payable to Morton Park G. T. Vulcanizing Company; one for $500, dated September 25, 1918, to the same company; one for $100, dated September 22, 1919, payable to the Cicero Rubber Company, indorsed The Cicero Rubber Company, John A. Hruska; one for $200, dated October 22, 1919, payable to John Hruska, marked paid; this latter check was indorsed, John A. Hruska, Cicero Rubber Company; one for $200, dated November 20, 1919, payable to John Hruska, marked paid November 21, 1918; one for $50, dated September 6, 1920, payable to John Hruska, indorsed by him; one for $200, payable to

John Hruska some time in 1920, marked paid some time in November, 1920; one for $550, dated January 15, 1920; one for $500, payable to Morton Park G. T. Vulcanizing Company.

Originally, appellee received a mortgage on certain personal property, which was described, to secure an indebtedness of $3,200, which was made up of $2,000, which was due him, and $1,200, which was due to a brother of one Dusek, who was a partner of Hruska. That chattel mortgage secured $3,200, and was dated October 1, 1918, and was to secure a note for that amount due three years after date, and was recorded November 20, 1918. Subsequently, after the appellee had loaned further sums of money, apparently for use in the tire business, on January 12, 1921, a chattel mortgage signed "Cicero Rubber Company, a Trust, by John A. Hruska, President. Karel Smiricky, Secretary," covering the personal property involved herein, was given to the appellee to secure an indebtedness of $12,000 which was evidenced by twelve notes, each for $1,000, the first payable June 1, 1921, and the others payable monthly thereafter. That chattel mortgage was recorded on January 14, 1921. At the time that chattel mortgage was given, the appellee testified that Hruska, Smiricky and the Cicero Rubber Company owed him $5,250; that he figured the business as worth $12,000 and that the mortgage was made for that amount; that the property at that time was in the possession of Hruska, Smiricky and the Cicero Rubber Company; that it was in their store and they were doing business there themselves; that he released the first mortgage when he took the second and included the amount of the first in the second. When asked if he had foreclosed the present mortgage, meaning the later one, the appellee testified that he had. There was offered in evidence a notice, dated April 14, 1921, signed, "A. J. Gazelle, agent for Frank Sedlak, mortgagee," addressed to "Cicero Rubber Company, operating under a declaration of trust mort-

gagor. John A. Hruska, President. Karel Smiricky, Secretary," that he as agent for the appellee had that day "foreclosed the mortgage heretofore given by you, dated the twelfth day of January, 1921, and recorded on the fourteenth day of January, 1921, on page 368, book 16057 of records in Cook County, on the property in the premises known as 5335 West 25th street, Cicero, Ill., on Tuesday the nineteenth day of April, 1921, at 10:00 o'clock a. m."

The appellee testified that he told Graatman (who was his attorney) to foreclose the mortgage; and when he asked if he had foreclosed the mortgage, he answered, "Yes." Graatman testified that the appellee asked him to foreclose and that he, the witness, engaged one Gazelle, a constable, to foreclose the mortgage, and turned over to him the chattel mortgage and twelve notes; that he, the witness, went out to the premises and saw one notice posted on the premises; that it showed the sale was noticed for April 19, 1921, at 5335 West 25th street; that it was signed by Gazelle, agent for Frank Sedlak; that he saw that notice a few days before the sale posted on the premises where the property was; that he paid the custodian $36, which the appellee gave him for foreclosing; that the appellee turned the mortgage over to him and authorized him to prepare the notice and that, accordingly, proper blanks were purchased and filled out.

On cross-examination he testified that the Cicero Rubber Company, Hruska and Smiricky operated as a common-law trust from January 22, 1921; that that was the time when Smiricky came in, about the time the mortgage was executed; that prior to that time Hruska had done business in the name of the Cicero Rubber Company.

The judgment of the appellant, which was obtained on June 20, 1921, was on a note dated June 10, 1921, which was apparently made by Hruska and Smiricky, doing business as the Cicero Rubber Company.

In the course of the trial the appellant offered to prove that on June 10, 1921, Hruska and Smiricky claimed to be copartners, doing business as the Cicero Rubber Company, and issued a note made payable to the Standard Oil Company, on which judgment was subsequently taken; that they claimed to be the owners of the property and showed the property to Gibbs, claiming that it was the property of the Cicero Rubber Company as a copartnership. To the introduction of that evidence an objection was made and sustained.

It is contended for the appellee that the trial judge erred in admitting the chattel mortgage dated January 12, 1921, and which was signed, "Cicero Lumber Company, a trust, by John A. Hruska, President. Karel Smiricky, Secretary," without any evidence of the so-called trust. This is untenable. The document was complete in itself and to be admitted needed no explanation. The fact that the Cicero Lumber Company was described as "a Trust" did not prevent the mortgagee from holding the Cicero Lumber Company as mortgagor. The words "a Trust" were merely descriptive, and not an essential part of the name.

It is, also, contended that there was not sufficient evidence of a foreclosure. The chattel mortgage was dated January 12, 1921. It was recorded on January 14, 1921. None of the notes it secured nor any interest was ever paid. On April 14, 1921, a written notice of forecloseure, signed by Gazelle, agent of the appellee, was sent the "Chicago Rubber Company, operating under a declaration of trust mortgagor. John A. Hruska, President. Karel Smiricky, Secretary," notifying them of a foreclosure of the property, and specifying the time as April 19, 1921, at 10:00 a. m. The appellee had told Graatman, an attorney, to foreclose. Graatman got one Gazelle, a constable, to do the foreclosing, and gave to the latter the chattel mortgage and twelve notes. A few days before the sale, Graatman saw a foreclosure notice posted on the premises. He paid the constable $36

as custodian's fees. That money appellant had given him. The appellee testified that he did foreclose his mortgage. That was objected to, as a conclusion, but it was not stricken out, and there was no ruling upon it by the trial judge. There is no evidence as to the reason why the appellant undertook to foreclose. The first note was not due until June 1, 1921. And there is no evidence of the terms of the sale at the foreclosure, or what was received. The debt, the chattel mortgage secured, was less than half what that instrument recited the property was worth, that is $12,000. Also, there is no evidence that the appellee took possession after the sale.

A careful examination of the record leads to the conclusion that the appellee's evidence fails to show that there was a legal foreclosure which put the title to the property in him, so that the appellee would have no right to make a levy under its execution. Of course, if there was no foreclosure, and the chattel mortgage was still outstanding, and the appellant by reason of constructive notice through the recorder's office had knowledge of that fact, his levy would be proper but subject to the mortgage. *Beach v. Derby,* 19 Ill. 617. Further, if we were of the opinion that the evidence showed a foreclosure, but, also, no change of possession between April 19, 1921, and June 20, 1921, we would be compelled to hold that such was a fraud *per se. Jones v. Noel,* 139 Ill. 377. But it is claimed by appellee that he owns the property and that is the basis of this suit.

In our opinion the evidence fails to show either a valid foreclosure or a change of possession. Under those circumstances, we cannot properly hold that the appellee has proved that the title to the property was in him. The judgment, therefore, will be reversed.

*Reversed.*

THOMSON, P. J., and O'CONNOR, J., concur.