Consolidated Hair Goods Company, Appellant, v.
Adams Clark Building Corporation and Albert J.
Horan, Appellees.

Gen. No. 39,236.

Opinion filed April 5, 1937.

BARNEY L. HOLLOWICK, of Chicago, for appellant.

LOUIS I. SHAPIRO, of Chicago, for appellee Adams
Clark Building Corporation.

MAYER GOLDBERG, of Chicago, for appellee Albert J. Horan.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff brought an action in trover, alleging the conversion by defendants of property worth $500; upon trial by the court defendants were found not guilty, and plaintiff appeals from the judgment on the finding.

Plaintiff's rights rest upon a chattel mortgage, and it says that defendants sold the chattels by virtue of a judgment against the mortgagor, in defiance of plaintiff's rights as mortgagee.

Salvatore DeCaprio conducted a beauty shop in the building owned and operated by defendant Adams Clark Building Corporation; he had executed a chattel mortgage to the plaintiff conveying chattels like chairs, hair dryers and other equipment used in his beauty shop, to secure $1,400, payable in monthly instalments beginning June 15, 1932, the final payment maturing May 15, 1934.

December 23, 1933, the building corporation obtained a judgment against DeCaprio for $227.50, and execution was issued and delivered to defendant Horan as bailiff of the municipal court of Chicago; under direction of the attorney for the building corporation the bailiff on January 25, 1934, levied upon all the right, title and interest of DeCaprio in and to the chattels, and on February 5th sold the property at public vendue to Joseph Gordon for $72.50, he being the highest and best bidder at the sale.

Mr. Sam S. Muller, an attorney and vice president of the plaintiff company, testified that while the bailiff was in possession under the levy he, the witness, telephoned Mr. Shapiro, who represented the building corporation, advising him of the chattel mortgage and

that same was in default. Muller also testified that the latter part of January he was in the office of the bailiff of the Chicago municipal court and spoke to a man inside the gate, showed him the chattel mortgage and asked him if he could take up the question of the levy with him; he was told to take up the matter with the attorney for the building corporation; Muller did not know the name of the person with whom he talked; he also sent a letter to Mr. Shapiro dated February 2, 1934, in which he expressed regret that they had been unable to meet to "straighten out this DeCaprio matter," but "merely as a matter of record" he notified Shapiro that his client owned a chattel mortgage maturing May 15, 1934, which was in default.

The chattel mortgage contained the usual provisions that in case of default in payment of any of the instalments or if the mortgagee should feel insecure or unsafe, the total amount of the notes secured by the mortgage should, at the option of the mortgagee, immediately become due and payable. Muller testified that the instalments due in November and December, 1933, and January and February, 1934, had not been paid.

From the early case of *Beach v. Derby,* 19 Ill. 617, it has been held that until there is a breach in the condition of the mortgage the mortgagor holds a contingent interest in the mortgaged property that is liable to levy and sale on execution. If the property is levied on and there is default in payment under the mortgage the mortgagee may at once possess himself of the property by a writ of replevin, or if he fail to do so and it is sold he may recover it from the purchaser. *Pike v. Colvin,* 67 Ill. 227. Where the mortgage debt is not due and the mortgagor is in possession, his interest in the property is subject to levy and also to sale upon execution, and an officer is not liable for making a levy and sale. *People v. Dickson,* 65 Ill.

App. 99. In *Durfee v. Grinnell,* 69 Ill. 371, the mortgaged property was levied upon by a judgment creditor; thereupon the mortgagees, feeling unsafe or insecure, brought replevin and secured possession of the property through the writ; it was held that they were entitled to this, but the court further said that the mortgagees could have permitted the sale under the levy to be made, subject to the mortgage, and the purchaser would acquire no more rights than those of the mortgagor; that where there has been a breach in the conditions of the mortgage entitling the mortgagee to possession of the property, a sale under the levy can be held only with the permission "or by the non-action of the mortgagees. . . ."

In the instant case the mortgagee had the option, on default of the payment of the instalment due November, 1933, to declare the entire amount of the mortgage debt due, and also had this option under the insecurity clause in the mortgage. But it was not bound to exercise the option and could elect to wait until the whole debt was due. Plaintiff did not exercise this option and took no steps to foreclose the mortgage. *Woodward v. Donovan,* 167 Ill. App. 503, 514. Other cases touching on this same subject are *Simmons v. Jenkins,* 76 Ill. 479, *Second Nat. Bank v. Gilbert,* 174 Ill. 485, *Barchard v. Kohn,* 157 Ill. 579, and *Martin v. Duncan,* 156 Ill. 274.

These and many other cases which might be cited hold that where the mortgage debt is not due and there is no breach of the conditions of the mortgage and no insecurity clause, the interest of the mortgagor is subject to levy and sale without interference from the mortgagee; that where there is a default or breach in the conditions of the mortgage, or there is an insecurity clause, the mortgagor's interest may be levied upon, but the mortgagee may declare the entire amount of the mortgage debt due and, upon demand

upon the officer making the levy and his refusal to deliver possession of the property, may obtain possession by replevin; that if no demand is made and no replevin writ issued, the non-action of the mortgagee will be considered as a permission to proceed with the sale under the levy, such sale being only of the interest of the mortgagor in the chattels.

Applying these rules to the facts in the present case leads to the conclusion that plaintiff cannot maintain its action. Muller, representing plaintiff, made no demand either on the bailiff or on Shapiro for the return of the goods and commenced no proceedings to recover them. True, he notified the bailiff and also Shapiro that plaintiff held a chattel mortgage on the goods, but this told defendants no more than they already knew, constructively, from the recording of the instrument. Muller seems to have been under the apprehension that the only thing he had to do to protect the mortgagee's rights was to apprise the bailiff and the building corporation of the existence of the mortgage. Plaintiff's brief in this court seems to proceed upon this same misapprehension as to the law. Merely to call attention to the mortgage was not enough, and by its non-action in preventing the sale plaintiff must be held to have permitted the sale to go on.

The bailiff of the municipal court levied upon and sold the right, title and interest of DeCaprio, the mortgagor, in the property. Horan, bailiff, is not liable, and neither is the Adams Clark Building Corporation.

The judgment of the trial court was proper and it is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.